UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LG CAPITAL FUNDING, LLC,

                              Plaintiff,                        **ORDER ADOPTING**
                                                                         **REPORT AND**
   -against-                                                       **RECOMMENDATON**
                                                                            16-CV-06012 (LDH)(RLM)
M LINE HOLDINGS, INC.,

                              Defendant.
-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

Plaintiff, LG Capital Funding, LLC ("LG") filed this suit on October 28, 2016 and served Defendant, M Line Holdings, Inc., on November 7, 2016. (*See* ECF Nos. 1, 5.) Defendant has since failed to appear in or defend itself in this matter. On March 9, 2017, Plaintiff filed a Motion for Default Judgment. (*See* ECF No. 8.) On June 1, 2017, United States Magistrate Judge Roanne L. Mann issued a report and recommendation (the "R&R") (ECF No. 11), wherein she recommended that Plaintiff's motion for default judgment be granted, in part, and denied, in part. On June 15, 2017, Plaintiff filed an objection challenging Magistrate Judge Mann's recommendation that the Court not award liquidated damages to Plaintiff. (*See* Objection, ECF No. 12.) In reaching that conclusion, Magistrate Judge Mann found that the "requested damages are grossly disproportionate to actual damages, and thus constitute an unenforceable penalty." (R&R at *18.)

The Court reviews any portion of Magistrate Judge Mann's R&R that has been objected to under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(1),(3); 28 U.S.C. § 636(b)(1)(C). As to the balance of the R&R, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F.

1

Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted).

For the reasons set forth below, the Court adopts Magistrate Judge Mann's thorough and well-reasoned opinion in full.

## BACKGROUND

Between February 6, 2014, and June 10, 2014, Defendant M Line Holdings, Inc. issued three convertible redeemable notes (the "Notes") to Plaintiff, each in the amount of $50,000. (*See* Complaint, ECF No. 1 ¶¶ 6-8, Exs. A-C.) Two of the Notes had maturity dates of February 6, 2015 and one had a maturity date of June 10, 2015.[1] (*See id.*) Under each of the Notes, Defendant was obligated to repay Plaintiff the principal as well as an annual interest rate of eight percent by the maturity date. (*See id.* at ¶ 10.) The Notes also contained identical stock conversion provisions which permitted Plaintiff to convert all or part of the outstanding principal of the Notes and certain future interest into shares of Defendant's common stock. (*See id.* ¶¶ 12-14.) If Defendant failed to pay the principal or interest due on any Note, or failed to honor the stock conversion provisions of any Note, Defendant would be in default. (*See id.*, Exs. A-C, § 8.) In the event of default, an increased interest rate would apply to Defendant's payments: 24% under Note 1; 18% under Note 2; and 16% under Note 3. (*See id.* ¶ 11.) Additionally, if Defendant failed to honor the stock conversion provision of the Notes, Defendant agreed to pay "$250 per day the shares [were] not issued beginning on the 4th day after the conversion notice was delivered to [Defendant,]" and "increas[ing] to $500 per day beginning on the 10th day." (*Id.*, Exs. A-C, § 8.)

---

[1] Note 3 is internally inconsistent with respect to its maturity date, providing for both a May 30 and June 10, 2015 maturity dates. (Compl. ¶ 8, Ex. C.) Plaintiff alleges a maturity date of June 10, 2015. The difference is not material for the purposes of the instant motion and the Court accepts Plaintiff's allegation as true. (Compl. ¶ 22.)

2

On February 6, 2015, Notes 1 and 2 became due and payable. (*See id.* ¶¶ 18-19.) Defendant, however, failed to repay either, rendering Defendant in default on Notes 1 and 2. (*See id.* ¶ 20.) On June 10, 2015, Note 3 became due and payable. Here again, Defendant failed to repay the Note, rendering Defendant in default on Note 3. (*See id.* ¶ 22.) Finally, on September 4, 2015, nearly seven months after Defendant allegedly defaulted on the Notes, Plaintiff attempted to convert some of the amount due under Note 1 into stock. (*See id.* ¶ 23.) Defendant failed to deliver the converted stock, rendering them in default with respect to Note 1's stock conversion provision. (*See id.* ¶ 24.)

## DISCUSSION

Plaintiff objects to Magistrate Judge Mann's recommendation that liquidated damages not be awarded. Plaintiff contends that the liquidated damages are not disproportionate to Plaintiff's actual damages, and that damages as a result of Defendant's breach were not easily ascertainable at the time the parties entered into the contract. (*See* Objection, at *4.) Further, Plaintiff argues that it is Defendant's burden to prove that liquidated damages constitute an unenforceable penalty, and that Defendant has waived its right to do so as a result of its default. (*See id.*)

**I.    The Court's Independent Obligation to Ensure the Appropriateness of Damages.**

As a threshold matter, the Court rejects Plaintiff's argument that it should not address the appropriateness of liquidated damages where the party against whom those damages are to be assessed is in default. (*See* Objection, at *9-10.) The Court has an independent obligation to determine whether damages to be awarded are appropriate. This role does not change simply because one party is in default. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are

3

not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). Indeed, "[c]ourts should take great care in entering default judgment, ensuring if at all possible that both parties have their cases judged on the merits." *Liberty Mut. Ins. Co. v. Fast Lane Car Serv., Inc.*, 681 F. Supp. 2d 340, 346 (E.D.N.Y. 2010)*; see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (reversing and remanding where district court simply accepted the non-defaulting parties statement of damages because "[t]his did not satisfy the court's obligation to ensure that the damages were appropriate").

**II.     Liquidated Damages Clauses Are Upheld Unless They Constitute a Penalty.**

To find a liquidated damages clause enforceable, a court must determine: *first*, that the amount of actual loss is difficult or impossible to estimate precisely; and *second*, that the liquidated damages sought bear a "reasonable proportion to the probable loss." *Leasing Serv. Corp. v. Justice*, 673 F.2d 70, 73 (2d Cir. 1982). Magistrate Judge Mann found that the liquidated damages clause at issue here failed to satisfy both of these standards. The Court agrees.

**a.     Damages Were Neither Difficult Nor Impossible to Estimate Precisely.**

Plaintiff's expected damages from a breach of the conversion provisions were readily ascertainable. It is well-established under New York law that "the damage award resulting from a breach of an agreement to purchase securities is the difference between the contract price and the fair market value of the asset at the time of the breach." *Union Capital LLC v. Vape Holdings Inc.*, No. 16-CV-1343, 2017 WL 1406278, at *6 (S.D.N.Y. Mar. 31, 2017) (quoting *Sharma v. Skaarup Ship Mgmt. Corp.*, 16 F.2d 820, 825 (2d Cir. 1990)); *see also Boyce v.*

4

*Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006) ("[T]he measure of damages is the difference between the option price and the market value of the stock.") Using this well-established principal, Magistrate Judge Mann calculated Plaintiff's damages for the attempted September 4, 2015 conversion as $3,789.46 (or approximately 1.4% of Plaintiff's claimed liquidated damages). (*See* R&R, *20 n.13.)

Plaintiff does not challenge Magistrate Judge Mann's calculations. Instead, Plaintiff argues that it could have made an unknown number of future conversions and that it is entitled to damages for these conversions. (Objection, *8-9.) Indeed, Plaintiff claims that it could have ultimately converted the entire outstanding balance of the Note. (Objection, *9.) In either event, Plaintiff argues that it would have reaped additional value from these conversions and that it is entitled to damages for these conversions. Plaintiff misapprehends the basis for its recovery.

Plaintiff is entitled to recovery based on Defendant's failure to honor the requested September 4, 2015 conversion. Plaintiff is not entitled to recover based on hypothetical stock conversions neither made by Plaintiff nor denied by Defendant. Plaintiff argues that its losses cannot be determined because it is impossible to know the number of times it would have converted its shares, the number of times it would have sold converted stock, and the price at which it would have done so. Therefore, Plaintiff claims that its losses were unascertainable.

Courts in this district have previously rejected *this* exact argument from *this* exact Plaintiff. *See, e.g.*, *LG Capital Funding, LLC v. CardioGenics Holdings, Inc.*, No. 16-CV-1215, 2018 WL 1521861, at *7 (E.D.N.Y. Feb. 20, 2018) ("LG is not entitled to lost profits from any future price increase of the shares it was to receive (just like it would not be penalized for a future decrease in the share value)."); *LG Capital Funding, LLC v. Vape Holdings, Inc.*, No. 16-CV-2217, 2016 WL 3129185, at *3-4 (E.D.N.Y. June 2, 2016) (rejecting LG's argument that

"the dates upon which LG would have sold the stock it did not receive, and the amounts LG would have realized from any such sales, will be difficult to establish with any degree of certainty"); *LG Capital Funding, LLC v. PositiveID Corp.*, No. 17-CV-1297, 2017 WL 2556991, at *7 (E.D.N.Y. June 12, 2017) (finding "LG's damages are easily measurable and compensable with monetary damages"). The same outcome is warranted here.

New York law forecloses the Court from considering the variables offered by Plaintiff. Courts rely on the fair market value of the asset at the time of breach in calculating damages, and therefore "reject[ ] the contention that in order to calculate damages it would [be] necessary to speculate when and if a plaintiff would sell its stock." *Vape Holdings, Inc.*, 2016 WL 3129185, at *4. Because "[t]he damage award resulting from a breach of an agreement to purchase securities is the difference between the contract price and the fair market value of the asset at the time of breach," Plaintiff's losses here were ascertainable. *Sharma*, 916 F.2d at 825.

### b. The Liquidated Damages Are Not Reasonably Related to Expected Losses.

"A liquidated damages clause generally will be upheld by a court, unless the liquidated amount is a penalty because it is plainly or grossly disproportionate to the probable loss anticipated when the contract was executed." *United Air Lines, Inc. v. Austin Travel Corp.*, 867 F.2d 737, 740 (2d Cir. 1989). The liquidated damages clause at issue, bears no reasonable relation to any actual or expected losses. "[C]ourts have explained that a damages provision that awards a specified sum 'no matter the timing of the breach' is likely to be a penalty clause because not all breaches are 'of the same gravity' and thus the fixed damage award is not a 'reasonable effort to estimate damage.'" *Leviton Mfg. Co. v. Pass & Seymour, Inc.*, 2017 WL 3084404, at *6 (E.D.N.Y. July 19, 2017) (quoting *Energy Plus Consulting, LLC v. Illinois Fuel Co., LLC*, 371 F.3d 907, 909-10 (7th Cir. 2004)); *see also Bradford v. New York Times Co.*, 501

F.2d 51, 57 (2d Cir. 1974) (noting that "setting a fixed amount for any breach irrespective of its gravity or the probable damage to be contemplated might well classify the clause as an unenforceable penalty").

The clause at issue provides that following a breach, Defendant is required to pay "$250 per day the shares [were] not issued beginning on the 4th day after the conversion notice was delivered to [Defendant,]" and "increas[ing] to $500 per day beginning on the 10th day." (*Id.*, Ex. A, § 8.) On its face, this clause does not purport to have any relationship to Plaintiff's actual or expected damages. And Plaintiff does not argue that these figures have some proportional relationship to Plaintiff's actual or expected losses. Plaintiff provides no explanation for the basis of the $250 or $500 figures or why the fourth and tenth day are chosen as benchmarks (as compared to, say, the fifteenth or thirtieth day). *See Coroware*, *Inc.*, 2017 WL 3973921, at *3 (rejecting exact same liquidated damages provision in LG note action because "the amount is not tethered to the plaintiff's actual losses, and serves only to coerce contract performance"). Moreover, the liquidated damages currently total more than twice the combined value of all three Notes at issue, and, as noted above, almost 100 times the amount of damages calculated by Magistrate Judge Mann, with the value continuing to increase by the day.[2]

## **CONCLUSION**

The Court has reviewed the remaining portions of the R&R for clear error and, finding none, hereby adopts Magistrate Judge Mann's R&R as the opinion of this Court. For the

---

[2] This is not the first time that courts in this district have found that *this* Plaintiff's use of *this* clause is unenforceable on these grounds. This identical provision has been found unenforceable on several occasions. *See, e.g.*, *CardioGenics Holdings, Inc.*, 2018 WL 1521861, at *10; *Coroware, Inc.*, 2017 WL 3973921, at *3; *LG Capital Funding, LLC v. Sanomedics Intl. Holdings, Inc.*, 2015 N.Y. Misc. LEXIS 4294, at *38 (N.Y. Sup. Ct. Nov. 23, 2015) (finding that these same liquidated damages provisions "are so far in excess of the principal loan amounts . . . and are so conspicuously and grossly disproportionate to the probable loss, that there can be no question that these liquidated damage clauses were clearly designed to penalize [the defendant]"). The Court agrees with these decisions and finds that the liquidated damages clause bears no "reasonable proportion to the probable loss" and therefore serves only as a penalty.

foregoing reasons, the Court orders, consistent with Magistrate Judge Mann's R&R, that Plaintiff's motion be granted in part and denied in part, and that Plaintiff be awarded:

(1) $136,503.01 in unpaid principal and interest;

(2) default interest at a combined daily rate of $69.76 from February 7, 2015 through entry of final judgment;

(3) $2,300 in attorney's fees; and

(4) $493.20 in costs.

Dated: July 26, 2018
Brooklyn, New York

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge